# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United Nimba Citizens' Council, a
Minnesota non-profit corporation,

        Plaintiff,

v.

Andrew M. Wongeh, an individual, and
Edward Gaye, an individual

        Defendants.

Civil No. 09-1608 (DWF/JJK)

**MEMORANDUM
OPINION AND ORDER**

---

Jesse H. Kibort, Esq., Christopher M. Daniels, Esq., and David J. Wymore, Esq., Daniels & Wymore, PLLC, counsel for Plaintiff.

Andrew M. Wongeh and Edward Gaye, *Pro Se*, Defendants.

---

# INTRODUCTION

This matter came before the Court on Plaintiff United Nimba Citizens' Council's motion for a default judgment against Defendants Andrew M. Wongeh and Edward Gaye (Doc. No. 13) and Defendants' motion to dismiss (Doc. No. 21). For the reasons discussed below, the Court denies both motions.

# FACTUAL AND PROCEDURAL BACKGROUND

United Nimba filed this action seeking largely injunctive relief regarding Defendants' relationship with that organization. (Doc. No. 1.) Having received neither a timely Answer nor an appropriate Rule 12 motion, United Nimba moved for default judgment. (Doc. No. 13.) Neither Defendant appeared at the hearing on that motion

conducted on December 11, 2009.[1]  But Plaintiff had not obtained entry of default from the Clerk of Court.  The Court noted this procedural defect at the hearing.  Plaintiff then cured that deficiency.  (*See* Doc. No. 24 (Entry of Default).)

The Court also noted other irregularities in this action.  Plaintiff filed its Complaint on June 24, 2009.  (Doc. No. 1.)  Gaye filed a purported "Answer"–actually a letter addressed to the Clerk of Court–that Plaintiff contends does not comply with Rule 8.  (Doc. No. 2.)  No Answer has been filed by Wongeh.  On October 27, 2009, Plaintiff moved for a default judgment against both Defendants.  Defendants "responded" only with a purported "motion to dismiss"–actually a letter from Wongeh (although submitted on behalf of both Defendants)–that was not accompanied by any notice of motion, proof of service, etc.  (Doc. No. 21.)

Accordingly, the Court deferred consideration of Plaintiff's motion for a default judgment (as well as Defendants' motion to dismiss) and continued the hearing until January 14, 2010.  (Doc. No. 26.)  The Court reserved the right to award attorney fees and costs incurred by either party.  (*Id.*)

---

[1]  Wongeh sent a letter dated December 10, 2009, to either the Clerk's Office or the Magistrate Judge assigned to this matter, requesting a postponement because he would not be able to travel to attend "today's meeting" due to the weather and his involvement in a motor vehicle accident.  (Doc. No. 25.)  The Court reminds the parties that they must comply with all applicable rules, including the Federal Rules of Civil Procedure and the District of Minnesota Local Rules.  Perhaps most importantly, all submissions must conform to the rules and be timely filed with the Court and served on opposing counsel.  Proceeding *pro se* does not relieve a party from its obligation to comply with these rules.  *Ackra Direct Mktg. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996).

The Court also noted one additional potential impediment to a default judgment in these proceedings. It appears that there is ongoing litigation in Pennsylvania state court regarding the same general subject matter. Wongeh, one of the Defendants here, along with United Nimba, filed that state-court action in 2007 against Shedrick Gayetay and Peter Wehye, alleging that those defendants were acting as, and representing themselves to be, officials of United Nimba, even though United Nimba purportedly removed Gayetay from office before he appointed Wehye to replace Wongeh as President of United Nimba. (Doc. No. 21-2, Ex. A.) A preliminary injunction was entered in August 2007 and made permanent in June 2009, to remain in effect until a final decision after trial. (Doc. No. 21-2, Ex. E.)

Here, United Nimba alleges that Wongeh and Gaye, who were elected as President and Treasurer, respectively, of United Nimba in May 2006, were impeached and removed from office in May 2007, but continue without any authority to transact business in the name of United Nimba. (Doc. No. 1, ¶¶ 15, 26, & 28.) Plaintiff is seeking, among other things, various forms of injunctive relief prohibiting Wongeh and Gaye from acting as authorized representatives of United Nimba. (Doc. Nos. 1, 13.)[2]

---

[2] Although the Complaint and motion for default judgment phrase the injunctive relief that Plaintiff seeks as being directed at the two Defendants, Wongeh and Gaye, rather than at the state-court proceedings in Pennsylvania, it is unclear whether the relief Plaintiff requests would nevertheless enjoin the Pennsylvania state court indirectly. The Court thus questioned whether the proceedings implicated the Anti-Injunction Act, any of several abstention doctrines, or the *Rooker-Feldman* doctrine. The Court also permitted the parties to submit written memoranda addressing these issues. (Doc. No. 27.) Plaintiff submitted a memorandum (Doc. No. 28); Defendants did not.

**DISCUSSION**

At the January 14, 2010 hearing, both Defendants appeared *pro se*. Moreover, it is apparent that Defendants desire to contest the merits of the action. Accordingly, the Court, in its discretion and recognizing the preference to resolve actions on the merits, will deny the motion for default judgment. 10A Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 2682 (3d 1998). But the Court notes that Defendants must comply with all applicable rules and deadlines and failure to do so risks all appropriate consequences, including a penalty default judgment.

The Court will likewise deny Defendants' motion to dismiss. First, the motion was procedurally improper. Not only was it untimely, it consisted of a letter that was not accompanied by any notice of motion, proof of service, etc. Second, it is deficient on the merits. Although denominated as a motion to dismiss, it requests that this Court "relinquish jurisdiction" in favor of the earlier-filed litigation in Pennsylvania state court and because "there are no parties in Minnesota authorized to bring litigation on behalf of the organization." (Doc. No. 21 at 3.) Deference to earlier-filed litigation in another jurisdiction, particularly a state-court, might warrant a stay or perhaps, in limited circumstances, a dismissal. And whether the present action was properly brought (here or elsewhere) simply begs the underlying question on the merits–that is, who presently has the proper authority to act on behalf of the organization.

But at present, the Court lacks any complete and accurate factual record on which it could rely in addressing such issues. Nevertheless, it reserves the right to stay or

dismiss this action in favor of the apparently-ongoing state-court litigation in Pennsylvania if and when the record would support such action or on any other proper basis.

Perhaps the only aspect of this action that is clear at present is that the organization at issue is in a state of disorganization, even chaos. In light of the protracted, multiple disputes regarding the leadership of United Nimba, the Court directs Plaintiff to submit an affidavit of Mr. Mohammed Keita, the individual currently identified by United Nimba's website as its President-Elect, addressing his claim to any position of authority in that organization.

Finally, although the litigation here and in Pennsylvania suggests that the disputes are somewhat intractable, the Court notes that it directed the parties to schedule a settlement conference before Magistrate Judge Jeffrey J. Keyes.

## CONCLUSION

Outstanding questions as to who presently has authority within United Nimba preclude granting either motion. As a first step in resolving these questions, the purported President-Elect shall explain the basis for his claims to authority.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for default judgment (Doc. No. 13) is **DENIED**;

2. Defendants' motion to dismiss (Doc. No. 21) is **DENIED WITHOUT PREJUDICE**; and

5

3. Plaintiff shall submit, within 14 days of the date of this Order, an Affidavit of Mr. Mohammed Keita, the purported President-Elect of United Nimba, explaining his position(s) within United Nimba and the basis for any claims of authority within that organization.

4. The Court respectfully directs the Clerk of Court's Office to serve this Order by U.S. mail upon each Defendant at their last known mailing address.

Dated: January 19, 2010           s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge